## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRYAN HARPER**                                    **CIVIL ACTION**

**versus**                                           **NO. 06-10556**

**CORNEL HUBERT, WARDEN**                    **SECTION: "R" (6)**

## REPORT AND RECOMMENDATION

   This matter was referred to this United States Magistrate Judge for the purpose

of conducting a hearing, including an evidentiary hearing, if necessary, and submission of

proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. §

636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254

Cases in the United States District Courts.  Upon review of the record, the Court has

determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C

§ 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that

the petition be **DISMISSED WITH PREJUDICE**.

---

 [1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Bryan Harper, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.  On November 6, 1997, he was convicted of two counts of armed robbery in violation of Louisiana law.[2]  On January 8, 1998, he was sentenced on each count to a term of thirty years imprisonment without benefit of parole, probation, or suspension of sentence.  On that same date, he pleaded guilty to being a second offender and was resentenced as such on one of the two counts to a term of thirty years imprisonment without benefit of parole, probation, or suspension of sentence.[3]  The state then sought a writ on the ground that the enhanced sentence was illegally lenient,[4] and, on April 28, 1998, the Louisiana Fourth Circuit Court of Appeal granted the writ and remanded the matter for resentencing on the multiple offender adjudication.[5]  On May 27, 1999, the trial court resentenced petitioner as a second offender to a term of forty-nine and one-half years imprisonment without benefit of parole, probation, or suspension of sentence and ordered that his sentences run concurrently.[6]  No appeal was filed.

---

[2] State Rec., Vol. I of IV, minute entry dated November 5, 1997.

[3] State Rec., Vol. I of IV, transcript of January 8, 1998; State Rec., Vol. I of IV, minute entry dated January 8, 1998; State Rec., Vol. I of IV, guilty plea form.

[4] State Rec., Vol. II of IV.

[5] State v. Harper, No. 98-K-0305 (La. App. 4th Cir. Apr. 28, 1998) (unpublished); State Rec., Vol. II of IV.

[6] State Rec., Vol. I of IV, transcript of May 27, 1999; State Rec., Vol. I of IV, minute entry dated May 27, 1999.

On December 22, 1999, petitioner wrote a letter to the Louisiana Fourth Circuit Court of Appeal stating that his lawyer failed to file a notice of appeal and requesting information on to secure an appeal in his case.[7]  Construing that letter as a writ application, the Court of Appeal granted the writ and ordered the trial court to grant petitioner an out-of-time appeal unless the record showed that he had waived his right to appeal.[8]  An out-of-time appeal was in fact granted on February 7, 2001.[9]  Pursuant to that out-of-time appeal, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences on October 3, 2001.[10]  The Louisiana Supreme Court then denied his related writ application on October 25, 2002.[11]

On or about March 21, 2006, petitioner filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus.  In that application, he claimed that he had filed an application for post-conviction relief with the state district court on or about November 2, 2003, but had received no ruling on the application.[12]  The Court of Appeal

---

[7] State Rec., Vol. II of IV.

[8] State v. Harper, No. 99-K-3206 (La. App. 4th Cir. Feb. 1, 2000) (unpublished); State Rec., Vol. II of IV.

[9] State Rec., Vol. I of VI, minute entry dated February 7, 2001.

[10] State v. Harper, No. 2001-KA-0839 (La. App. 4th Cir. Oct. 3, 2001) (unpublished); State Rec., Vol. I of IV.

[11] State v. Harper, 827 So.2d 1172 (La. 2002) (No. 2001-KO-3024); State Rec., Vol. I of IV.

[12] State Rec., Vol. II of IV.

denied relief, stating:  "The computer generated docket master fails to show that relator's application for post-conviction relief was filed in the district court.  Relator has not attached proof of filing or a copy of the application.  Therefore, there is nothing for this court to review."[13]  Petitioner did not seek review of that judgment by the Louisiana Supreme Court.[14]

On October 31, 2006, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, he asserts the following claims:

1.     Petitioner's rights were violated when the trial court failed to advise him of the prescriptive period for seeking state post-conviction relief; and

2.     Petitioner's enhanced sentence was excessive.

The state contends that petitioner's federal application is untimely.[15]

### Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  Under the AEDPA, a

---

[13]   State v. Harper, No. 2006-K-0306 (La. App. 4th Cir. Mar. 28, 2006) (unpublished); State Rec., Vol. II of IV.

[14]   State Rec., Vol. IV of IV, verification dated February 26, 2007.

[15]   Rec. Doc. 9.

judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[16]

As noted, petitioner was resentenced on May 27, 1999. Because he did not file a direct appeal within the five days allowed by state law, his convictions and sentences became final no later than June 3, 1999.[17] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect his state criminal judgments commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

---

[16]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[17]   See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Pursuant to La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 1999, May 29 was a Saturday and May 30 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his convictions became final.

In the instant case, two hundred one (201) days of the federal limitations period elapsed prior to being tolled by the filing of petitioner's letter of December 22, 1999, which was construed as a post-conviction writ application by the Louisiana Fourth Circuit Court of Appeal. That application resulted in petitioner being granted an out-of-time appeal; however, on October 3, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences. Under federal law, the federal limitations period was tolled[18] from the time petitioner filed his letter on December 22, 1999, through October 25, 2002, the date on which the Louisiana Supreme Court denied his related writ application.[19] When the

---

[18] The Court expressly notes that the statute of limitations was *not* "restarted" as a result of the out-of-time appeal. As noted, petitioner's convictions and sentences had already become final, at which time the AEDPA's statute of limitations had properly commenced. Once commenced, the limitations period could only be tolled, *not* restarted. The United States Fifth Circuit Court of Appeals has held:

> On its face, AEDPA provides for only a *linear* limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). *So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See* § 2244(d)(2).

Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir. 2004) (emphasis added); see also Juarbe v. Cain, Civ. Action No. 06-0513, 2006 WL 2849859, at *3-5 (E.D. La. Sept. 29, 2006); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at *5-6 (E.D. La. Sept. 5, 2006). In the instant case, there is no question that petitioner is still being held pursuant to the same judgment, in that neither his convictions nor sentences were altered in any way as a result of the out-of-time appeal proceedings. Accordingly, those proceedings had no effect on the statute of limitations' commencement date.

[19] Because petitioner's out-of-time appeal proceedings were not part of the "direct review process" according to Salinas, he is not entitled to tolling for any additional period he would have

statute of limitations resumed running at that point, one hundred sixty-four (164) days of petitioner's limitations period remained, meaning that his federal limitations period would expire on April 7, 2003, unless that deadline was again extended by tolling.

Petitioner had no state applications pending at any time during the period from October 26, 2002, through April 7, 2003.[20]   Accordingly, he clearly was not entitled to further statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.   See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).   However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

---

had to seek review in the United States Supreme Court.  Sparks v. Hubert, Civ. Action No. 07-7198, 2008 WL 1746724, at 6 n.26 (E.D. La. Apr. 11, 2008); Robinson v. Cain, Civ. Action No. 05-5478, 2008 WL 821955, at *2 n.5 (E.D. La. Mar. 26, 2008); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at 6 n.31 (E.D. La. Sept. 5, 2006); see Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).  Nevertheless, even if petitioner were given additional tolling credit for the ninety-day period during which such review could have been sought, his federal application would still be untimely.

[20] As previously noted, petitioner claims that he attempted to file a state post-conviction application on or about November 2, 2003, although the state courts found no record of such a filing. However, even if petitioner had in fact filed such an application, it would be of no consequence here, in that the federal limitations period expired months earlier on April 7, 2003.  State applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).   Petitioner bears the burden of proof to establish entitlement to equitable tolling. <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002).   Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief challenging these convictions had to be filed on or before April 7, 2003, in order to be timely.  His federal application was not filed until on October 31, 2006,[21] and it is therefore untimely.

<u>Petitioner's Claims</u>

Even if petitioner's federal application had been timely filed, *which it was not*, the Court further notes that his claims are nevertheless meritless for the following reasons.

Petitioner's first claim is that his rights were violated when the trial court failed to advise him of the prescriptive period for seeking state post-conviction relief as required by La.C.Cr.P. art. 930.8(C).  This claim fails for two reasons.  First, the trial court's failure to comply with article 930.8(C) was, at most, a violation of state law.  Mere violations of state law do not warrant federal *habeas corpus* relief; rather, such relief may be granted only

---

[21]   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his application on October 31, 2006, which is the earliest date he could have presented it to prison officials for mailing.

to remedy violations of *federal* law.  28 U.S.C. § 2254; <u>Engle v. Isaac</u>, 456 U.S. 107, 119

(1983).  Second, noting the trial court's error, the Louisiana Fourth Circuit Court of Appeal

itself advised petitioner of the prescriptive period in its opinion.[22]  Therefore, the error about

petitioner complains was corrected in a timely fashion by the state courts and was therefore

harmless.

       Petitioner's second claim is that his enhanced sentence is excessive.  That claim

likewise fails for two reasons.

       First, the claim is procedurally barred.[23]  Regarding procedural bars, the United

States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a
> person in its custody may not be reviewed by a federal court if
> the last state court to consider that claim expressly relied on a
> state ground for denial of relief that is both independent of the
> merits of the federal claim and an adequate basis for the court's

---

[22] <u>State v. Harper</u>, No. 2001-KA-0839, at p. 4 (La. App. 4th Cir. Oct. 3, 2001) (unpublished); State Rec., Vol. I of IV.

[23] Because the state addressed only the timeliness of petitioner's federal application, the state obviously did not raise the procedural bar.  Nevertheless, a federal *habeas* court has the discretion to raise a procedural default *sua sponte*.  <u>Prieto v. Quarterman</u>, 456 F.3d 511, 518 (5th Cir. 2006); <u>Magouirk v. Phillips</u>, 144 F.3d 348, 357-58 (5th Cir. 1998).  In the instant case, it is appropriate for the Court to raise that defense.  In its response, the state does not expressly waive the procedural default.  Moreover, because petitioner will have notice of the application of the bar by virtue of this Report and Recommendation and the opportunity to respond in an objection to the United States District Court Judge, petitioner is not prejudiced by the assertion of the defense.  <u>See</u> <u>Prieto</u>, 456 F.3d at 519; <u>Magouirk</u>, 144 F.3d at 359.  Accordingly, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that the undersigned is sua sponte raising the procedural bar and that petitioner must submit any evidence or argument concerning that issue as part of any objections he may file to this report.*

decision.   To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

The state courts clearly rejected petitioner's claim on procedural grounds.  The Louisiana Fourth Circuit Court of Appeal held:

At sentencing on May 27, 1999, after the trial court announced the sentence, the defense attorney said, "Note our objection for the record."  No motion for reconsideration of sentence was filed and no particular grounds for the objection were stated.  This court has held that failure to object to sentences as excessive at sentencing or to file a motion to reconsider the sentence precludes appellate review of the claim of excessiveness.  State v. Robinson, 98-1606 (La. App. 4 Cir. 8/11/99), 744 So.2d 119, 125; State v. Martin, 97-0319, p. 1 (La. App. 4 Cir. 10/1/97), 700 So.2d 1322, 1323; State v. Green, 93-1432, pp. 5-6 (La. App. 4 Cir. 4/17/96), 673 So.2d 262, 265; State v. Salone, 93-1635, p. 4 (La. App. 4 Cir. 12/28/94), 648 So.2d 494, 495-96.  Thus the claim that the sentence is constitutionally excessive is not subject to review, by appeal or otherwise.[24]

---

[24] State v. Harper, No. 2001-KA-0839, at p. 6 (La. App. 4th Cir. Oct. 3, 2001) (unpublished); State Rec., Vol. I of IV.

The Louisiana Supreme Court then denied the related writ application without assigning reasons.[25]

The procedural rule invoked in this case is obviously independent of the merits of the federal claim.  Further, "[t]he [procedural bar] doctrine presumes that a state procedural ground is adequate ... and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise."  Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In order to establish that a state procedural rule is not "adequate," a petitioner bears the burden of showing that the state did not strictly or regularly follow the procedural rule.  Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).  Here, petitioner has made no attempt whatsoever to establish that the rule was not strictly or regularly followed.

"When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."  Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him."  Johnson v. Puckett, 176

---

[25]  State v. Harper, 827 So.2d 1172 (La. 2002) (No. 2001-KO-3024); State Rec., Vol. I of IV. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground."  Finley, 243 F.3d at 218.

F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original).  Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel.  Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992).  In his federal application, petitioner has made no attempt to establish cause for the failure to raise the instant claim.  "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice."  Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Without a showing of cause and prejudice, a petitioner's defaulted claim is procedurally barred unless the application of the bar will result in a fundamental miscarriage of justice.  The fundamental miscarriage of justice exception is limited to claims of actual innocence. See Bagwell v. Dretke, 372 F.3d 748, 757 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998).  However, it is unclear to what extent, if any, the "actual innocence" exception is available when the defaulted claims relate merely to an alleged sentencing error in a noncapital proceeding.

In Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were erroneously sentenced as habitual or multiple offenders. Id. at 265-66. However, the Haley court held that, when barred claims dealt with such alleged sentencing

errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received." Id. at 264. The Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit. Dretke v. Haley, 541 U.S. 386 (2004). In so doing, the Supreme Court declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors. Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, even if the "actual innocence" exception is available to defaulted claims regarding noncapital sentencing errors, petitioner has failed to establish that he was legally ineligible for the habitual offender sentence he received. Moreover, it is clear that he was in fact eligible for the sentence. Petitioner *pleaded guilty* to being a second offender, and the trial court imposed the statutory minimum sentence for armed robbery by a second offender.[26] Thus, because he was legally eligible for the sentence he received, no miscarriage of justice will result from application of the procedural bar.

Accordingly, for the foregoing reasons, the undersigned has no hesitation in finding that petitioner's excessive sentence claim is in fact procedurally barred in this federal proceeding.

---

[26] As a second offender, petitioner faced a minimum sentence of forty-nine and one half years and a maximum sentence of one hundred ninety-eight years.

Second, even if the claim were not procedurally barred, it clearly has no merit for the following reasons.

To the extent petitioner is arguing that his sentence is excessive under Louisiana law, that claim is not cognizable in this federal proceeding. Federal *habeas corpus* relief is available only for violations of federal constitutional law and, therefore, this Court does not sit to review alleged errors of state law. Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998). Accordingly, this Court will not review the state court's findings regarding the constitutionality of petitioner's sentence under state law.

To the extent that petitioner is claiming that his sentence is excessive under the Eighth Amendment of the United States Constitution, his claim is without merit. In Solem v. Helm, 463 U.S. 277, 284 (1983), the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." "This constitutional principle is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts." United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997) (citing Rummel v. Estelle, 445 U.S. 263, 274-76 (1980)). "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Gonzales, 121 F.3d at 942 (quotation marks omitted). "[T]herefore, it is firmly established that successful

challenges to the proportionality of punishments should be exceedingly rare." <u>Id</u>. (quotation marks omitted).

Interpreting <u>Solem</u> in light of intervening precedent, the United States Fifth Circuit Court of Appeals has set forth the framework to be used when analyzing a claim that a sentence is excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then ... compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

<u>McGruder v. Puckett</u>, 954 F.2d 313, 316 (5th Cir. 1992). Moreover, when evaluating the excessiveness of a sentence imposed under a habitual offender statute, a court must be mindful that the "sentence is imposed to reflect the seriousness of [petitioner's] most recent offense, not as it stands alone, but in the light of his prior offenses." <u>Id</u>.

The Fifth Circuit has noted that <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980), "establishes a benchmark for disproportionate punishment under the Eighth Amendment." <u>Gonzales</u>, 121 F.3d at 943. In <u>Rummel</u>, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The sentence was imposed under a Texas recidivist statute and took into account petitioner's prior convictions for fraudulent use of a credit card and passing a forged check. The Fifth Circuit observed:

> We acknowledge that the distinction between constitutional sentences and grossly disproportionate    punishments is an

– 15 –

> inherently subjective judgment, defying bright lines and neutral principles of law.  Nevertheless, we can say with certainty that the life sentence approved in Rummel falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment.

Gonzales, 121 F.3d at 943 (footnote omitted).

In the instant case, petitioner was sentenced for armed robbery as a second offender to a term of forty-nine and one half years imprisonment without benefit of probation, parole, or suspension of sentence.  As noted, the United States Supreme Court held in Rummel that a life sentence was not excessive when imposed for a *nonviolent* offense where the habitual offender had two prior *nonviolent* offenses, all of which were relatively minor offenses.  Here, both petitioner's current conviction and his predicate conviction were for considerably more serious offenses.[27]  In light of the finding in Rummel that a *life* sentence was not excessive under the facts of that case, this Court has no hesitation in concluding that petitioner's enhanced sentence of forty-nine and one-half years imprisonment for the grave offense of armed robbery is not grossly disproportionate.  See, e.g., Glover v. Hargett, 56 F.3d 682, 685 (5th Cir. 1995) (unenhanced ninety-nine year sentence for armed robbery was not excessive); Wimberley v. Whitley, No. 94-30163, 1994 WL 684703, at *1 (5th Cir. 1994) (same).  In that the sentence is not grossly disproportionate, this Court's "inquiry is finished."  Gonzales, 121 F.3d at 942.  Because petitioner's sentence is not so

---

[27]  Petitioner had previously been convicted of attempted simple escape.

excessive as to violate the United States Constitution, this claim fails even if considered on the merits.

## **<u>RECOMMENDATION</u>**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Bryan Harper be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  28th  day of August, 2008.


**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**